IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-514-BO

| | | |
|---|---|---|
| EDDIE HIGHTOWER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHEDDAR'S CASUAL CAFE, INC., | ) | |
| JOSEPH PANHOLZER, DARDEN | ) | |
| CORPORATION, GENE LEE, | ) | |
| Defendants. | ) | |

This cause comes before the Court on motions to dismiss filed by defendants Darden Corporation, Gene Lee, and Joseph Panholzer pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, who proceeds in this action *pro se*, has responded in opposition to the motion to dismiss filed by defendant Darden Corporation and the matters are now ripe for ruling. For the reasons that follow, the motions to dismiss are granted.

BACKGROUND

Plaintiff instituted this action by filing a complaint against defendants on September 30, 2020. Invoking the Court's diversity jurisdiction, plaintiff alleges that he was negligently served undercooked and insect-infested food while dining at Cheddar's Casual Cafe with his family. Defendants moved to dismiss the complaint. Plaintiff thereafter moved to amend his complaint. The Court granted plaintiff's motion to amend and denied the motions to dismiss as moot.

After the filing of plaintiff's amended complaint, each named defendant answered the complaint. Defendants Darden Corporation, Gene Lee, and Joseph Panholzer then moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Darden Corporation is listed in the amended complaint as "Parent

Company," defendant Gene Lee is listed as "President and CEO," and defendant Panholzer is listed as "Special Secretary."

## DISCUSSION

Because the moving defendants have answered the complaint, their motions to dismiss are more properly construed as motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). But "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

Defendants Darden Corporation, Gene Lee, and Joseph Panholzer correctly argue that, although listed as defendants in plaintiff's amended complaint, no specific allegations have been

made against them. The amended complaint refers to the acts of Cheddar's Casual Cafe and "defendant." Although plaintiff argues in opposition to Darden Corporation's motion to dismiss that Darden has had numerous health inspections wherein its subsidiaries have had complaints similar to plaintiff's, this bare assertion is insufficient to support any alleged claim against Darden. As to defendants Lee and Panholzer specifically, plaintiff has failed to make any allegation that would support holding these persons individually liable for any alleged negligence. Even construing plaintiff's allegations in the light most favorable to him, and holding plaintiff's amended complaint to a less stringent standard, the moving defendants are properly dismissed.

## CONCLUSION

For the foregoing reasons, the motions to dismiss [DE 19, 20, 21] are GRANTED. Defendants Darden Corporation, Gene Lee, and Joseph Panholzer are DISMISSED.

SO ORDERED, this 5 day of October, 2021.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE